By The Court.
The power of the legislature to classify municipal corporations and legislate for the classes so made, has been sustained by a long line of decisions in this conrt, and has recently been reaffirmed in State ex rel., v. Baker et al., Ante 1.
On the question whether Cleveland is a city of the second grade, first class, we are of the opinion from the agreed case, that it is such city. Under a proviso contained in section 1549, Revisd Statutes, the advancement of a city from the second grade to the first grade of its class, by increase of population, could be prevented by the action of its city council declaring- it inexpedient to do so. This was done on February 15, 1892. The claim that this should have been done on or before July 1, 1891, is not tenable. The “official report” referred to' in section 1547, Revised Statutes, on which the population of a city is to be ascertained for the *124 purpose of determining the class and grade to which it belongs, is not the report of the superintendent of the census, but the report of an officer of the state, designated by law to make the report. This officer is the secretary of state, and the report is that which he is required by section 1617, Revised Statutes, to make of the name “of each municipal corporation, its grade and class, and its population as ascertained by the preceding federal census.” This report is required by the following section to be transmitted to the general assembly at its next session thereafter. The section does not fix the time when the report is to be transmitted. This is ascertained by section 62 Revised Statutes, and must be on or before November 20th of each year, the time fixed for the making of all reports by state officers. The report was transmitted November 17, 1891, as required by this section, and then became the official report, of which municipal corporations must take notice, and, before the first of the following July, take steps to prevent advancement if by their population, thus shown, they would then advance, and they deem it inexpedient to do so. Hence, the action taken by the council was in' due time, and the city remained and is a city of the second grade, first class; and the act of April 16, 1883 (80 Ohio Laws, 143), authorizing the construction and repair of sewers in cities of the second grade of the first class, applies to the city of Cleveland, and the bonds issued by it in pursuance of this statute, are valid bonds.
The following eases: No. 5040, William G. Dietz v. The City of Cleveland et al., No. 5041, William G. Dietz v. The City of Cleveland, et al., No. 5042, William G. Dietz v. The City of Cleveland et *125 al., No. 5043, William G. Dietz v. The City of Cleveland et al., No. 5044, William G. Dietz v. The City of Cleveland et al., are here on error to the circuit court of Cuyahoga county, and were argued and submitted with the case of Hayes ds Sons v. Cleveland. Each presents substantially the same questions as are presented in that case, and each is for like reasons, Affirmed.